## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARTIN A. PUGLIESE and
PAMELA J. PUGLIESE,

Case No. 2:09-cv-11831

     Plaintiffs,

Hon.  Denise Page Hood
Magistrate Judge: Paul Komives

v.

I.C. SYSTEM, INC., et al

     Defendants.

| | |
|---|---|
| **REX ANDERSON, P.C.** | **DOBBS & NEIDLE, P.C.** |
| Rex C. Anderson (P47068) | Gregory R. Neidle (P59273) |
| Attorney for Plaintiff | Daniel J. Ammon (P50923) |
| 9459 Lapeer Rd. | Attorney for Defendants |
| Davison, MI 48423 | 30150 Telegraph Road |
| Phone: (810) 653-3300 | Suite 410 |
| Fax: (810) 658-2510 | Bingham Farms, MI 48025 |
| rex@rexandersonpc.com | Phone: (248) 723-9511 |
| | Fax: (248) 723-9531 |
| | gneidle@dobbsneidle.com |
| **BARRY & SLADE, L.L.C.** | dammon@dobbsneidle.com |
| Peter F. Barry, Esq. *(Admitted Pro Hac Vice)* | |
| Minnesota Attorney I.D. # 0266577 | |
| 2021 East Hennepin Avenue, Suite 195 | |
| Minneapolis, MN 55413-1773 | |
| Phone:  (612) 379-8800 | |
| pbarry@lawpoint.com | |

### RESPONSE TO DEFENDANTS'  MOTION TO COMPEL PRODUCTION OF PLAINTIFFS' RETAINER/FEE AGREEMENT WITH THEIR ATTORNEYS

NOW COME Plaintiffs by and through their attorneys, Rex C. Anderson and Peter F.

Barry and for their response state as follows:

    1.    Responding to paragraph number one, Plaintiffs admit the allegations contained

therein.

    2.    Responding to paragraph number two, Plaintiffs admit the allegations contained

1

therein.

3.      Responding to paragraph number three, Plaintiffs admit the allegations contained therein.

4.      Responding to paragraph number four, Plaintiffs deny the allegations contained therein.

5.      Responding to paragraph number five, Plaintiffs deny the allegations contained therein.

6.      Responding to paragraph number six, Plaintiffs admit the allegations contained therein.

7.      Responding to paragraph number seven, Plaintiffs deny the allegations contained therein.

WHEREFORE, Plaintiffs request this Honorable Court deny Defendant's Motion to Compel.

Respectfully submitted,

June 16, 2010

**REX ANDERSON PC**
By:  /s/   Rex C. Anderson____
Rex C. Anderson, Esq. (P47068)
9459 Lapeer Rd
Davison MI 48423
Telephone:  (810) 653-3300
Facsimile: (810) 658-2510
rex@rexandersonpc.com

**BARRY & SLADE, LLC**
By: /s/    Peter F. Barry_____
Peter F. Barry, Esq.
Minnesota Attorney I.D.#0266577
2021 E Hennepin Ave, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

2

**STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARTIN A. PUGLIESE and
PAMELA J. PUGLIESE,

      Plaintiffs,

v.

I.C. SYSTEM, INC., et al

      Defendants.

Case No. 2:09-cv-11831

Hon.  Denise Page Hood
Magistrate Judge: Paul Komives

---

**REX ANDERSON, P.C.**
Rex C. Anderson (P47068)
Attorney for Plaintiff
9459 Lapeer Rd.
Davison, MI 48423
Phone: (810) 653-3300
Fax: (810) 658-2510
rex@rexandersonpc.com

**BARRY & SLADE, L.L.C.**
Peter F. Barry, Esq. *(Admitted Pro Hac Vice)*
Minnesota Attorney I.D. # 0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, MN 55413-1773
Phone:  (612) 379-8800
pbarry@lawpoint.com

**DOBBS & NEIDLE, P.C.**
Gregory R. Neidle (P59273)
Daniel J. Ammon (P50923)
Attorney for Defendants
30150 Telegraph Road
Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Fax: (248) 723-9531
gneidle@dobbsneidle.com
dammon@dobbsneidle.com

---

**<ins>BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION TO COMPEL
PRODUCTION OF PLAINTIFFS' RETAINER/FEE AGREEMENT WITH THEIR
ATTORNEYS</ins>**

1

## TABLE OF CONTENTS

Index of Authorities .......................................................................................................... ii

Argument ........................................................................................................................  1

    I.    **ATTORNEY RETAINER/FEE AGREEMENTS ARE NOT DISCOVERABLE FOR THE PURPOSE OF EVALUATING SETTLEMENT OPTIONS** ................................................................. 1

    II.  **DEFENDANTS' MOTION TO COMPEL SHOULD BE DENIED BECAUSE THEY ONLY SEEK PLAINTIFFS' RETAINER/FEE AGREEMENT FOR THE EXPRESS PURPOSE OF EVALUATING THEIR SETTLEMENT OPTIONS** ............. 3

# INDEX OF AUTHORITIES

## Cases

*Bishop v. National Account Systems, Inc.*, Civil No. 3:91CV132 (AHN) (TPS) (D. Conn. Jan. 6, 1992) 3,5

*Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) ...................................................................... 2, 4

*City of Burlington v. Dague*, 505 U.S. 557, 562-63, 566 (1992) ............................................... 2

*Criss v.City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) ........................................................... 1

*Green v. Nevers*, 196 F.3d 627 (6th Cir. 1999)........................................................................ 1

*McMillan v. Experian Information Serv. Inc.*, Civil No. 3:99CV1481 JBA (JGM) (D. Conn. Nov. 2000) . 3

*Piazza v. First Am. Title Ins. Co.*, 2007 U.S. Dist. LEXIS 89319, 4-5 (D. Conn. 2007) ............................ 3

*Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) ......................................................... 3

*Sandler v. McGraw-Edison Co.*, 92 F.R.D. 463, 464 (D.C. Ohio 1981) ....................................... 3

*Sargeant v. Sharp*, 579 F.2d 645, 649 (1st Cir. 1978) ............................................................... 2

*Sheffield v. Homeside Lending*, 280 B.R. 719; 2001 Bankr. LEXIS 1979; 53 Fed. R. Serv. 3d (Callaghan) 661 (2001).................................................................................................................. 1

*Stahler v. Jamesway Corp.*, 85 F.R.D. 85, 86 (E.D. Pa. 1979) .................................................. 3

*Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003)........................................................... 2

*Travelers Ins. Co. v. Davis*, 411 F.2d 244, 247-48 (5th Cir. 1969) ........................................... 3

*Venegas v. Mitchell*, 495 U.S. 82, 92 1679 (1990) .................................................................... 2

*Young v. Citicorp Retail Services, Inc.*, Civil No. 3:95CV 1504 (AHN) (HBF) (D. Conn. May 14, 1996). 3

## ARGUMENT

**I.     ATTORNEY RETAINER/FEE AGREEMENTS ARE NOT DISCOVERABLE FOR THE PURPOSE OF EVALUATING SETTLEMENT OPTIONS.**

Defendants do not have the right to compel production of the fee agreement between Plaintiffs and their lawyers.

"The district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Criss v.City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988). Attorney retainer and fee agreements are generally irrelevant unless the attorney's fees are a material issue in the case, and are thus relevant within the meaning of Fed.R.Civ.P 26. For example, fee agreements have been held to be discoverable in class actions, where the court must consider the putative Plaintiff's financial ability to adequately represent the interests of the class members. *See Sheffield v. Homeside Lending*, 280 B.R. 719; 2001 Bankr. LEXIS 1979; 53 Fed. R. Serv. 3d (Callaghan) 661 (2001). Retainer/fee agreements are never discoverable for the purpose of helping a Defendant evaluate their settlement options. Also, even where attorney fees *are* a material issue in the case, courts have exhibited a tendency to deny *Motions to Compel* retainer/fee agreements where there such information is not absolutely necessary. *See Green v. Nevers*, 196 F.3d 627 (6th Cir. 1999) (holding that denial of a *Motion* seeking discovery of an attorney retainer/fee agreement was proper as it was "irrelevant," even though the gravamen of the case was the *reasonableness of those attorney fees*).

In this case, Defendants have argued only one ground for their alleged need to have Plaintiffs' retainer/fee agreement with their counsel; that it is necessary to help them "evaluate their settlement options." To accept Defendant's argument that Plaintiff's attorney retainer/fee agreement with their attorney is relevant to this case in order for Defendants to properly

"evaluate their settlement options" would be to endorse the discovery of such agreements in nearly every single fee-shifting case.  Attorney fees are no more relevant to this case than they are in any other action brought pursuant to a federal statute with a fee-shifting provision.  The body of case law regarding discovery of attorney fee agreements in cases involving federal fee-shifting statutes unequivocally reflects this truism.

This case is a fee shifting case, and fees and costs must be sought by petition or agreement under usual fee-shifting standards. *City of Burlington v. Dague*, 505 U.S. 557, 562-63, 566 (1992) ((case law construing what is a "reasonable" fee applies to all federal fee-shifting statutes).  Under these standards, the party's agreement with his lawyers may not be considered as a floor, standard, or ceiling.  *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) ("As we see it, a contingent-fee contact does not impose an automatic ceiling on an award of attorney's fees, and to hold otherwise would be inconsistent with the statute and its policy and purpose.").  To that effect, in *Venegas v. Mitchell*, 495 U.S. 82, 92 1679 (1990) (emphasis added), the U.S. Supreme Court stated "In sum, [the **federal statute] controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer.  What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order**."

The various District and Circuit Courts have strictly abided by the precedent of the Supreme Court.  For example, in *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) (emphasis added), the Court held that "[t]he fees available under a fee-shifting statute are part of the plaintiff's recovery and are **not dependent upon any explicit fee arrangements between the plaintiffs and their counsel**." In *Sargeant v. Sharp*, 579 F.2d 645, 649 (1st Cir. 1978) (emphasis added), the Court stated that "**a fee agreement is irrelevant to the issue of**

2

entitlement and should not enter into the determination of the amount of a reasonable fee." In *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (granting mandamus), it was stated that "[n]either the court nor the defendant has legitimate concern as to the propriety of the [fee] arrangement under the code of responsibility"). *Travelers Ins. Co. v. Davis*, 411 F.2d 244, 247-48 (5th Cir. 1969) (emphasis added) held that "the amount assessed should never be based on a contingent contract, such as might exist between a claimant and his attorney, but **should represent only a reasonable fee for services actually performed**." Likewise, the Court in *Sandler v. McGraw-Edison Co.*, 92 F.R.D. 463, 464 (D.C. Ohio 1981) (emphasis added) held, in a breach of contract case, that a fee agreement is not discoverable; that fact **that plaintiff asked for attorney fees does not change the result, because "the amount of attorneys fees to be awarded should be determined from the view of the trial judge, not from the view of the attorney and client**." Even where attorney's fees are in issue because the action is a class action, their discovery seems to be disfavored. For example, *Stahler v. Jamesway Corp.*, 85 F.R.D. 85, 86 (E.D. Pa. 1979), a class action, stated that "we do not believe that the fee agreement between plaintiff and her counsel is discoverable."

Accordingly, Courts routinely deny fee agreement discovery from a Plaintiff in a fee shifting case as outside the scope of discovery. *Piazza v. First Am. Title Ins. Co.*, 2007 U.S. Dist. LEXIS 89319, 4-5 (D. Conn. 2007); *McMillan v. Experian Information Serv. Inc.*, Civil No. 3:99CV1481 JBA (JGM) (D. Conn. Nov. 2000); *Young v. Citicorp Retail Services, Inc.*, Civil No. 3:95CV 1504 (AHN) (HBF) (D. Conn. May 14, 1996); *Bishop v. National Account Systems, Inc.*, Civil No. 3:91CV132 (AHN) (TPS) (D. Conn. Jan. 6, 1992).

II.   **DEFENDANTS' MOTION TO COMPEL SHOULD BE DENIED BECAUSE THEY ONLY SEEK PLAINTIFFS' RETAINER/FEE AGREEMENT FOR THE EXPRESS PURPOSE OF EVALUATING THEIR SETTLEMENT OPTIONS.**

3

Defendants argue, in support of their *Motion to Compel Production of Plaintiffs' Retainer/Fee Agreement(s) With Their Attorneys*, that:

> where a statute provides for the recovery of reasonable attorney fees, a client's fee agreement is **relevant in determining what constitutes a reasonable attorney fee**. Defendants require this information, including the date the retainer agreement was executed, in order to **appraise the amount of attorney fees Plaintiffs may potentially recover should**
> **they prevail**. This information is necessary so that Defendants can **evaluate their settlement options**, particularly given the fact that the parties have agreed to engage in facilitation of this matter.

Def's Mot. Compel Produc. of Pls' Retainer/Fee Agreement(s) With Their Atty's at 2-3 (emphasis added).  In light of the wealth of case law cited *supra*, this claim argument is clearly without merit.  Defendants cite *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989), (which Plaintiffs have also cited herein) in support of their proposition that "[c]ourts have held that where a statute provides that attorney fees are recoverable as part of the damages, a litigant's fee agreement is relevant in evaluating the parameters of a reasonable attorney fee award."  Def's Br. Supp. Mot. Compel Produc. of Pls' Retainer/Fee Agreement(s) With Their Atty's at 3.   However, Defendants conveniently fail to mention any of the numerous authorities cited *supra* which address the issues at hand.

Defendants do not cite, and nor are Plaintiffs aware of, any authority that has accepted the argument that attorney retainer/fee agreements should be discoverable in order to help Defendants "evaluate their settlement options."

As the case law demonstrates, and as Defendants apparently concede, a Defendants' decision to settle out of court necessarily involves the making of an educated guess concerning the amount of damages and fees Plaintiffs' would be awarded if they prevail; *that* is the yardstick by which Defendants must measure any proposed settlement offer.  Because attorney fee awards

4

are determined according to the "reasonable attorney's fee" standard, and not in *any* way by any information contained in the agreement between Plaintiffs and their counsel, such agreement can in no way be said to be "relevant."  If something is not relevant, it is simply not discoverable. That is to say, ***even if this Court were to grant Defendants' Motion and allow them full access to each and every piece of confidential and private information contained in Plaintiffs' counsel's retainer/fee agreement, in light of the law on determining reasonable attorney's fees, Defendants would be in no better position to "evaluate their settlement options" than they are right now***.

The correct procedure by which reasonable attorney fees must be determined is perhaps best summarized by Judge Smith's *Order Denying Defendant's Motion to Compel* in *Bishop v. National Account Systems, Inc.*, Civil No. 3:91CV 132 (AHN) (TPS) (D. Conn. Jan. 6, 1992):

> Any fee agreement between plaintiff and her attorney is not relevant. The FDCPA provides for statutory damages and attorney's fees.  If plaintiff prevails, this court will determine what is a fair and reasonable attorney's fee based on her submission of an affidavit and/or records concerning the number of hours spent on this case, and the court's decision as to what is a fair and reasonable hourly rate, taking into account such things as the complexity of the case, the quality of the work done, and the experience of counsel.

Ord. Den. Def. Mot. to Compel at 1.  As repeatedly noted herein, Defendants have absolutely no reason to request Plaintiffs' retainer/fee agreement with their counsel for the purposes they cite. As Judge Smith explained, discovery is not the appropriate means by which the Court will ensure that the attorney's fees awarded to Plaintiffs, if Plaintiffs prevail, are reasonable.  Assuming that Defendants adequately understand the law regarding the Court's determination of the reasonableness of attorney's fees, Defendants' request for Plaintiffs' retainer/fee agreement leaves one to wonder whether their stated reason for wanting that agreement is a true and

accurate one, or whether this is one more example of the "Stalingrad defense" tactics in pushing paper and increasing the plaintiff's legal fees and costs.

WHEREFORE, based upon the foregoing, the court should deny Defendants motion to compel.

Respectfully submitted,

June 16, 2010

**REX ANDERSON PC**
June 16, 2010
By:  /s/   Rex C. Anderson____
Rex C. Anderson, Esq. (P47068)
9459 Lapeer Rd
Davison MI 48423
Telephone:  (810) 653-3300
Facsimile: (810) 658-2510
rex@rexandersonpc.com

**BARRY & SLADE, LLC**
By: /s/   Peter F. Barry_____
Peter F. Barry, Esq.
Minnesota Attorney I.D.#0266577
2021 E Hennepin Ave, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

## CERTIFICATE OF SERVICE

I certify that on June 16, 2010, the foregoing papers were electronically filed with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to the following**:**

Daniel J. Ammon
30150 Telegraph Rd.
Suite 410
Bingham Farms, MI 48025
dammon@dobbsneidle.com

Gregory R. Neidle
30150 Telegraph Rd.
Suite 410
Bingham Farms, MI 48025
gneidle@dobbsneidle.com

By:  /s/   Rex C. Anderson____
Rex C. Anderson, Esq. (P47068)

6

9459 Lapeer Rd
Davison MI 48423
Telephone:  (810) 653-3300
Facsimile: (810) 658-2510
rex@rexandersonpc.com